Ian A. Rambarran, Bar No. 227366
W. Jason Scott, Bar No. 222204
KLINEDINST PC
801 K Street, Suite 2100
Sacramento, California 95814
(916) 282-0100/FAX (916) 444-7544
irambarran@klinedinstlaw.com
jscott@klinedinstlaw.com

Attorneys For Defendants
BEMIS MANUFACTURING COMPANY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| PAUL STARK, as an individual, and KELLY CAVERLEY, as an individual<br><br>Plaintiffs,<br><br>v.<br><br>BEMIS MANUFACTURING COMPANY, A CORPORATION, and HOME DEPOT, INC. d/b/a HOME DEPOT and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION** |

To the clerk of this Court, Plaintiffs Paul Stark and Kelly Caverley ("Plaintiffs") and Plaintiffs' attorneys of record:

PLEASE TAKE NOTICE that Defendant BEMIS MANUFACTURING COMPANY ("Defendant") by its undersigned attorneys files this Notice of Removal of this civil action from the Superior Court of the State of California for the County of Sacramento, to the United States District Court, Eastern District of California, Sacramento Division.  Defendant's removal of this action is made pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 and based on the following:

1.    On May 21, 2025, Plaintiffs filed a Complaint in the Superior Court of the State of California for the County of Sacramento entitled *Paul Stark, as an individual, and Kelly Caverley,*

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

*as an individual v. Bemis Manufacturing Company, a Corporation, and Home Depot, Inc. d/b/a Home Depot and Does 1 through 50*, inclusive. case No. 25CV012156.  The Complaint alleges negligence; strict liability-manufacturing defect; strict liability-design defect; strict liability-failure to warn; strict liability-failure to adequately test; breach of express warranty; breach of implied warranty; breach of implied warranty for fitness for a particular purpose; strict liability-negligence recall and loss of consortium against Defendants Bemis Manufacturing Company and Home Depot, Inc. over the October 2022 purchase of a Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat. A true and correct copy of the summons and complaint from the state court action is attached hereto as **Exhibit A**.

2.    On June 5, 2025, Plaintiffs served Defendant with the complaint. This notice of removal, filed on July 3, 2025, is timely under 28 U.S.C. § 1446(b).

3.    Notice of this removal will be given promptly to both Plaintiffs and the Superior Court pursuant to 28 U.S.C. section 1446(d).

### DIVERSITY OF CITIZENSHIP

4.    This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332 on the basis of diversity of citizenship of the parties, and the action may therefore be removed to this Court pursuant to 28 U.S.C. § 1441(b).

5.    According to the allegations of the Complaint, Plaintiffs are citizens and residents of the State of California.  Exhibit A ¶¶1-2.

6.    Defendant Bemis Manufacturing Company was at the time of the filing of the above-entitled action, and still is, a citizen of a state other than the State of California within the meaning of 28 U.S.C. section 1332(c)(1).

7.    Bemis Manufacturing Company is now, and was at the time the action was commenced, a corporation organized under the laws of the State of Wisconsin with its principal place of business in the Sheboygan Falls, Wisconsin.  (Exhibit A ¶¶3; Declaration of Ian A. Rambarran ("Rambarran Decl."), ¶2-3, attaching as Exhibit 1 a document from the California Secretary of State relating to Bemis Manufacturing Company's corporate status.)

///

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

8.     Bemis Manufacturing Company's corporate office is located in Sheboygan Falls, Wisconsin, which has the largest group of corporate employees. The majority of Defendant's executive and administrative functions are performed in the State of Wisconsin. Bemis Manufacturing Company's executives and senior management are located in the State of Wisconsin, and its human resources, finance, and legal departments are located in the State of Wisconsin, where Bemis Manufacturing Company also performs its primary administrative functions. (Rambarran Decl., ¶3.)

9.     The other defendant in this matter is Home Depot U.SA., Inc. ("Home Depot"). According to the Statement of Information, Home Depot was incorporated in Delaware and has its Principal Place of business appears to be in Atlanta, Georgia. (Rambarran Decl., ¶4 & Exhibit 2). Further, Home Depot has not made an appearance in this matter, yet. (Rambarran Decl., ¶5 & Exhibit 3)

## AMOUNT IN CONTROVERSY

10.     Plaintiffs' alleged damages in the complaint demonstrate an amount in controversy exceeds $75,000.

11.     Based on discussions between counsel for Plaintiffs and counsel for Bemis Manufacturing Company, the amount in controversy exceeds $75,000.00. (Rambarran Decl., ¶6)

12.     Furthermore, the facially apparent allegations in the complaint appear to demonstrate the amount of controversy in this action will exceed the minimum federal district court jurisdictional amount of $75,000, if one were to consider that nature of the injury, medical expenses and general damages. (Exhibit A ¶¶17-19) See 28 U.S.C. § 1332(a); *Chavez v. JPMorgan Chase & Co.* (2018) 888 F. 3d 413, 416 – amount in controversy satisfied by allegations of loss of wages; *See also Luckett v. Delta Airlines, Inc.* (5th Cir. 1999) 171 F. 3d 295, 298 – allegations of property damage, travel expenses and pain and suffering satisfied amount in controversy). For example, Plaintiffs claim that as a result of Defendant's acts and/or omissions, Plaintiff Paul Stark sustained "catastrophic physical and emotional injuries" and incurred economic and non-economic damages; has been required to employ the services of hospitals, physicians, surgeons, nurses and other professional services; and has been compelled to incur

**NOTICE OF REMOVAL OF CIVIL ACTION**

expenses for medical treatment, medicines and other medical supplies and services.  (Exhibit A ¶¶17-19, 35 & Prayer)

13.    Therefore, the matter is removable pursuant to 28 U.S.C. sections 1332 and 1446(b).

14.    Copies of all process, pleadings, and orders served on the Defendant are attached to this Notice as Exhibits A through B, as follows:

    a.    **Exhibit A**: Summons and Complaint.

    b.    **Exhibit B**: Notice of Case Assignment and Case Management Conference.

15.    Venue is proper in this Court because it is the District Court of the United States for the district within which Superior Court of the State of California for the County of Sacramento entitled *Paul Stark, et al. v. Bemis Manufacturing Company, et al..* Case No. 25CV012156, is pending.

16.    WHEREFORE, Defendant request that the above-entitled action be removed from the Superior Court of the State of California of the County of Sacramento to this Court.

### DEMAND FOR JURY TRIAL

Defendant demands a jury trial of twelve jurors pursuant to FRCP Rule 48.

KLINEDINST PC

DATED:  July 3, 2025

By:    */s/ Ian A. Rambarran*

Ian A. Rambarran
W. Jason Scott
Attorneys For Defendants
BEMIS MANUFACTURING COMPANY

26742492.1

KLINEDINST PC
801 K STREET, SUITE 2100
SACRAMENTO, CALIFORNIA 95814

4

**NOTICE OF REMOVAL OF CIVIL ACTION**

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**Superior Court of California,**
(SOLO PARA USO DE LA CORTE)
**Sacramento**
**05/21/2025**
**raybouc**
**By** _____, **Deputy**
**25CV012156**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

BEMIS MANUFACTURING COMPANY, A CORPORATION; and and HOME DEPOT, INC. d/b/a HOME DEPOT and et al.

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

PAUL STARK, as an individual, and KELLEY CAVERLEY as an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Gordon D. Schaber Sacramento County

720 9th Street, Sacramento, CA 95814

CASE NUMBER:
(Número del Caso):

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Manzoor Law Firm, , Shahid Manzoor, 3017 Douglas Blvd, Suite 300, Roseville, CA 95661, T: 916-306-1665

DATE: **MAY 2 1 2025**
(Fecha)

Clerk, by **C. RAYBOULD** , Deputy
(Secretario) _____ (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☑ on behalf of (specify): BEMIS MANUFACTURING COMPANY

under: ☑ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-200(A)**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PAUL STARK, as an individual, and KELLEY CAVERLEY  v. BEMIS et al | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff      ☒ Defendant      ☐ Cross-Complainant      ☐ Cross-Defendant
and DOES 1 through 50, inclusive,

Page _____ of _____

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Superior Court of California,
Sacramento
05/20/2025
raybouc
By _____, Deputy
25CV012156

Shahid Manzoor, Esq. (SBN 296862)
Sachin Kalra, Esq. (SBN 309314)

**MANZOOR LAW FIRM, INC.**
3017 Douglas Blvd., Ste. 104
Roseville, CA 95661

Telephone: (916) 306-1665
Facsimile: (916) 244-9852
shahid@manzoorlawoffice.com

Attorneys for Plaintiff (s),
**PAUL STARK and KELLY CAVERLEY**

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
### FOR THE COUNTY OF SACRAMENTO
### UNLIMITED JURISDICTION

|  |  |
|---|---|
| **PAUL STARK, as an individual,** and **KELLY CAVERLEY as an individual**<br><br>Plaintiff,<br><br>v.<br><br>**BEMIS MANUFACTURING COMPANY, A CORPORATION, and HOME DEPOT, INC. d/b/a HOME DEPOT and DOES 1 through 50, inclusive,**<br><br>Defendants | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. **Negligence**<br>2. **Strict Liability-Manufacturing Defect**<br>3. **Strict Liability- Design Defect**<br>4. **Strict Liability- Failure to Warn**<br>5. **Strict Liability-Failure to Adequately Test.**<br>6. **Breach of Express Warranty**<br>7. **Breach of Implied Warranty**<br>8. **Breach of Implied Warranty for Fitness for A Particular Purpose**<br>9. **Strict Liability-Negligence Recall**<br>10. **Loss of Consortium** |

### PARTIES

1. Plaintiff Paul Stark is, and at all relevant times was, a resident of Sacramento County, California.

2. Plaintiff Kelley Caverley is, and at all relevant times was, a resident of Sacramento

---

County, California.

3. Defendant Bemis Manufacturing Company ("Bemis/Defendant Manufacturer") is a Wisconsin corporation with its principal place of business in Sheboygan Falls, Wisconsin. Defendant conducts systematic and continuous business in California, including Sacramento County, through its marketing, sales, and distribution of toilet seats, including the model at issue in this action as part of its normal course of business.

4. The Defendant Home Depot, Inc.. d/b/a Home Depot is a hardware store with a principal place of business in California, the county of Sacramento, with a store located at 8000 Folsom Blvd, Sacramento, California 95826. As part of its normal course of its business Home Depot sales Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat ("the subject toilet seat") to the general public.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6. Plaintiff is informed and believes, and thereon alleges, that each DOE Defendant was in some manner legally responsible for the events and happenings alleged herein and that Plaintiff's injuries were proximately caused by said defendants.

7. At all relevant times herein, each of the DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by each of the other DEFENDANTS, and furthermore, each of the DEFENDANTS was the servant, agent and employee of each of the other DEFENDANTS and, at all relevant times herein, said DEFENDANTS were acting within the course and scope of said servitude, agency and employment.

MANZOOR LAW FIRM          PLAINTIFF'S COMPLAINT FOR DAMAGES          PAGE 2

8. At all relevant times herein, each of the DEFENDANTS was a member of, and engaged in, a joint venture and common enterprise and was acting within the course and scope of and in pursuance of said joint venture and enterprise.

9. At all relevant times herein, the acts and omissions of the various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in legally and proximately causing the injuries and damages to Plaintiff as alleged herein.

10. At all relevant times herein, DEFENDANTS and each of them, ratified and concurred in each and every act or omission complained of herein.

## VENUE AND JURISDICTION

11. Jurisdiction is proper pursuant to California Code of Civil Procedure § 410.10, as Defendant is subject to the jurisdiction of California courts. This is an unlimited civil case because the amount in controversy exceeds $25,000.

12. The venue is proper in Sacramento County under Code of Civil Procedure §395 because the injury occurred in this county and Defendants conduct business here.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. On or around October 2022 Plaintiff Paul Stark bought a brand-new Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat, SKU no: 1010139537 ("the subject toilet seat") from Home Depo locate at 8000 Folsom Blvd, Sacramento, California 95826.

14. The Plaintiff installed the subject toilet seat based on the instructions provided to him by the Defendants and his experience as a general contractor.

15. On or about February 6, 2024, at approximately 5:00 AM, PLAINTIFF Paul Stark was using the bathroom at his residence located at 8181 Folsom Blvd, Unit 143, Sacramento,

California, when a catastrophic incident occurred.

16. At that time, PLAINTIFF Paul Stark was seated on a toilet equipped with the subject toilet seat.

17. The unexpected failure of the seat caused Plaintiff Paul Stark to shift and fall forward. In the split second of collapse, PLAINTIFF Paul Stark penis became forcefully pinched between jagged plastic and the rigid porcelain rim, causing horrifying injury to his penis.

18. Plaintiff Paul Stark pleads on information and belief that both Defendants had prior knowledge that the subject toilet seat had a tendency to fail spontaneously. That the plastic bolts holding the set-in place, and or the plastic seat itself, had a tendency to break without any forewarning. Yet, Defendants did not take any steps to warn the general public of this tendency to fail.

19. The trauma degloved Paul Stark penis from base to glans, causing deep lacerations, exposed vascular tissue, and extensive nerve damage. Blood immediately gushed from the wound.

20. PLAINTIFF Paul Stark entered a state of physical shock and panic. After attempting to stop the bleeding, he sought assistance of his wife, who transported him to the Dignity Health Emergency Department.

21. PLAINTIFF Paul Stark underwent emergency treatment for the penile degloving injury, including surgical repair, pain management, and later, specialist follow-up with urologists and neurologists.

22. Despite aggressive treatment, PLAINTIFF Paul Stark has lost virtually all penile sensation, cannot achieve orgasm or maintain an erection, and now suffers from irreversible sexual dysfunction.

23. The injury has further resulted in severe psychological trauma. PLAINTIFF Paul Stark now experiences major depressive disorder, anxiety, feelings of emasculation, and suicidal ideation.

24. On or about October 28, 2024, PLAINTIFF Paul Stark was treated by his psychiatrist, where he was treated for deep depression and concerns regarding his self-worth, recommending ongoing residential, partial hospitalization, and outpatient care for his psychological symptoms.

25. PLAINTIFF Paul Stark is currently undergoing treatment for trauma-related depression and intimacy-related grief, directly stemming from the physical and emotional consequences of the injury.

26. PLAINTIFF Paul Stark and his wife, Kelley Caverley, have long shared a supportive, affectionate, and sexually active marriage.

27. As a direct consequence of his injuries, Plaintiff Paul Stark is now entirely unable to engage in sexual relations with his wife.

28. The couple's once intimate and emotionally nurturing relationship has become strained, hollowed by grief, frustration, and emotional detachment.

29. PLAINTIFF Paul Stark grieves his inability to provide affection or physical intimacy and experiences profound guilt, emasculation, and shame.

30. PLAINTIFFS Paul Stark seeks damages for the loss of consortium, including the loss of companionship, affection, moral support, and sexual enjoyment that has resulted from his catastrophic injuries.

### FIRST CAUSE OF ACTION
**(Negligence – Against All Defendants)**
**(Against DEFENDANTS and DOES 1 – 50, inclusive)**

31. PLAINTIFFS realleges and incorporates paragraphs 1 through 30.

32. DEFENDANTS, and each of them, owed PLAINTIFFS a duty to exercise reasonable care in the testing, manufacturing, designing, formulating, constructing, rebuilding, fabricating, producing, marketing, assembling, selling and/or distributing of the **Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat ("the subject toilet seat")** to avoid exposing PLAINTIFF to a reasonably foreseeable risk of harm.

33. DEFENDANTS, and each of them, breached their duty by failing to exercise reasonable care in the testing, manufacturing, designing, formulating, constructing, rebuilding, fabricating, producing, marketing, assembling, selling, distributing or issuance of warnings for Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat ("the subject toilet seat") and providing products of which DEFENDANTS knew, or should have known, of the likelihood and severity of potential harm from the products, including, but not limited to, injury from falling, pain, lack of mobility, bone fracture, muscle tears, and dislocation. Moreover, the likelihood and severity of harm was not outweighed by the lesser burden of taking safety measures to reduce or avoid that harm.

34. PLAINTIFF Paul Stark suffered the harms described herein and incorporated herein by reference. The negligence of DEFENDANTS, and each of them, was a substantial factor in causing Paul Stark harm.

35. As a direct and proximate result of the DEFENDANTS' actions or omission, PLAINTIFF Paul Stark suffered catastrophic physical and emotional injuries and incurred economic and non-economic damages. As aforesaid, PLAINTIFF Paul Stark has been required to employ the services of hospitals, physicians, Surgeons, nurses, and other professional services, and PLAINTIFF Paul Stark has been compelled to incur expenses for medical

treatment, medicines, and other medical supplies and services.

## SECOND CAUSE OF ACTION
### (Strict Liability – Manufacturing Defect)
### (Against All Defendants)

36. PLAINTIFF realleges and incorporates paragraphs 1 through 35.

37. The subject toilet seat contained a manufacturing defect when it left the possession of DEFENDANT Manufacturer and each of them.

38. PLAINTIFF Paul Stark used the subject toilet seat in a reasonably foreseeable manner.

39. The defect in the subject toilet seat was a substantial factor in causing the injuries suffered by PLAINTIFF Paul Stark.

## THIRD CAUSE OF ACTION
### (Strict Liability – Design Defect)
### (Against All Defendants and DOES 1 to 50, Inclusive)

40. PLAINTIFFS realleges and incorporates paragraphs 1 through 39.

41. The Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat ("the subject toilet seat") was defectively designed, in that it failed to perform as safely as an ordinary consumer would expect under normal use.

42. PLAINTIFF Paul Stark was harmed as described herein while using the subject toilet seat in a reasonably foreseeable manner.

43. The subject toilet seat's design's foreseeable risks outweighed its benefits, and a safer alternative was available that could have prevented Paul Stark's injuries.

44. The subject toilet seat's design defect was a substantial factor in causing PLAINTIFF's Paul Stark injuries.

## FOURTH CAUSE OF ACTION
### (Strict Liability-Failure to Warn)
### (Against All Defendants and DOES 1 to 50, Inclusive)

45. PLAINTIFFS realleges and incorporates paragraphs 1 through 44.

46. The subject toilet seat posed risks of fracture and injury that were known or knowable at the time of manufacture and distribution.

47. The subject toilet seat posed risks of fracture and injury that were known or knowable at the time of manufacture and distribution.

48. DEFENDANTS failed to adequately warn consumers, including PLAINTIFF Paul Stark, of these risks.

49. PLAINTIFF Paul Stark was harmed by using the product in a reasonably foreseeable manner, and the lack of warnings was a substantial factor in causing PLAINTIFF'S injuries.

## FIFTH CAUSE OF ACTION
### (Strict Liability– Failure to Adequately Test)
### (Against All Defendants and DOES 1 to 50, Inclusive)

50. PLAINTIFFS realleges and incorporates paragraphs 1 through 49.

51. DEFENDANTS, and each of them, made statements of fact or promises to PLAINTIFF, which PLAINTIFF Paul Stark received, that the Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat would function safely and that its hinges would not detach in a manner that could cause injury.

52. Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat did not perform as stated or promised by DEFENDANTS, and each of them, insofar as they were defective and did not conform to the express statements made by DEFENDANTS, and each of them.

53. PLAINTIFF Paul Stark was harmed as described herein.

54. The failure of Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat

to be as represented by DEFENDANTS, and each of them, was a substantial factor in causing the harm described herein to PLAINTIFF.

## SEVENTH CAUSE OF ACTION
### (Breach of Implied Warranty)
### (Against All Defendants and DOES 1 to 50, Inclusive)

55. PLAINTIFFS realleges and incorporates paragraphs 1 through 54.

56. At all relevant times, DEFENDANTS, and each of them, were engaged in the business of manufacturing, designing, formulating, constructing, rebuilding, fabricating, producing, marketing, assembling, selling, and/or distributing toilet seats, including the Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat, or by virtue of their occupation held themselves out as having special knowledge or skill regarding such products.

57. The subject toilet seat was not of merchantable quality, was of inferior quality compared to similar products generally accepted in the trade, and was unfit for its ordinary and intended use.

58. PLAINTIFF Paul Stark sustained injuries and damages as described herein as a direct result of the product's failure.

59. The failure of the subject toilet seat to meet the expected standards of quality and performance was a substantial factor in causing PLAINTIFF's harm.

60. At the time of sale, DEFENDANTS, and each of them, impliedly warranted that the product was of merchantable quality and fit for its ordinary and intended use.

61. The subject toilet seat failed during ordinary and foreseeable use, rendering it unfit for its intended purpose and directly causing the injuries suffered by PLAINTIFF.

## EIGHTH CAUSE OF ACTION
### (Breach of Implied Warranty for Fitness for a Particular Purpose)

**(Against All Defendants and DOES 1 to 50, Inclusive)**

62. PLAINTIFF realleges and incorporates paragraphs 1 through 61.

63. PLAINTIFF purchased the Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat from DEFENDANTS, and each of them.

64. At the time of purchase, DEFENDANTS, and each of them, knew that PLAINTIFF Paul Stark intended to use Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat for safe and regular residential bathroom use and relied on Defendants to provide a product fit for that particular purpose.

65. At the time of purchase, DEFENDANTS, and each of them, knew or had reason to know that PLAINTIFF Paul Stark was relying on their skill and judgment to provide a toilet seat suitable for safe and ordinary residential bathroom use.

66. PLAINTIFF Paul Stark justifiably relied on DEFENDANTS' skill and judgment in selecting a product suitable for its intended use.

67. As a result, PLAINTIFF Paul Stark suffered the injuries and harm described herein and incorporated by reference.

68. The subject toilet seat was unfit for its intended purpose, and its failure was a substantial factor in causing the PLAINTIFF's injuries.

**NINTH CAUSE OF ACTION**
**(Products Liability-Strict Liability-Negligence Recall)**
**(Against All Defendants and DOES 1 to 50, Inclusive)**

69. PLAINTIFFS realleges and incorporates paragraphs 1 through 68.

70. At all relevant times, DEFENDANTS, and each of them, knew or in the exercise of reasonable care should have known that the Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat posed a substantial risk of injury when used in a

reasonably foreseeable manner.

71. DEFENDANTS, and each of them, became aware—subsequent to distribution and sale— that the subject product was defective and unreasonably dangerous due to the risk of hinge detachment during ordinary use.

72. Despite acquiring knowledge of the defect and receiving consumer complaints regarding injury and product failure, DEFENDANTS, and each of them, failed to timely initiate a recall or issue adequate warnings to prevent foreseeable harm to users of the product, including PLAINTIFF Paul Stark.

73. A reasonably prudent manufacturer, distributor, or seller under similar circumstances would have initiated a product recall or issued prompt warnings to mitigate the risk of injury associated with the defect, prior to the incident giving rise to Plaintiff's Paul Stark injuries.

74. As a direct and proximate result of DEFENDANTS' failure to act, PLAINTIFF Paul Stark sustained the injuries and damage as described herein and incorporated by reference.

75. The negligent failure of DEFENDANTS, and each of them, to recall or warn about the defective and dangerous condition of the Belmont Elongated Slow Close Enameled Wood Closed Front Toilet Seat was a substantial factor in causing the harm suffered by PLAINTIFF.

**TENTH CAUSE OF ACTION**
**(Loss of Consortium)**
**(Against All Defendants and DOES 1 to 50, Inclusive)**

76. PLAINTIFF realleges and incorporates paragraphs 1 through 75.

77. PLAINTIFFS Paul Stark and Kelley Caverley, at all relevant times, were and are married.

78. As a result of the physical and emotional trauma caused by the defective toilet seat, PLAINTIFFS have lost the ability to engage in meaningful marital relations.

79. PLAINTIFFS has been deprived of companionship, intimacy, comfort, and consortium once shared with his spouse, Kelley Caverley.

80. This deprivation has caused ongoing emotional pain, humiliation, and marital grief.

81. This loss of consortium is a direct and foreseeable consequence of the harm caused by DEFENDANTS' conduct.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment against DEFENDANTS as follows:

1.    General damages in an amount to be determined at trial;

2.    Special damages, including but not limited to past and future medical expenses, psychiatric care, and rehabilitative services;

3.    Damages for pain, suffering, emotional distress, and loss of enjoyment of life;

4.    Damages for loss of consortium;

5.    For punitive damages

6.    Costs of suit incurred herein;

7.    Prejudgment interest as permitted by law;

8.    Any further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury for all claims so triable.

Dated:  May 19, 2025,                                    MANZOOR LAW FIRM, INC.

Shahid Manzoor
Sachin Kalra
*Attorneys for Plaintiffs*

# EXHIBIT B

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

| | *Court Use Only* |
|---|---|
| COURTHOUSE ADDRESS: Gordon D. Schaber Superior Court 720 9th Street, Sacramento, CA 95814 | |
| PLAINTIFF/PETITIONER: Paul Stark  et al | |
| DEFENDANT/RESPONDENT: Bemis Manufacturing Company et al | |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (UNLIMITED CIVIL CASE) | CASE NUMBER: 25CV012156 |
|---|---|

THIS NOTICE SHALL BE SERVED BY PLAINTIFF'S COUNSEL ON ALL OTHER PARTIES. ANY PARTY WHO HEREAFTER SERVES SUMMONS IN THIS ACTION UPON A NEW PARTY SHALL SERVE A COPY OF THIS NOTICE ON THE NEW PARTY ALONG WITH THE SUMMONS AND COMPLAINT OR CROSS-COMPLAINT.

### NOTICE OF CASE ASSIGNMENT

Pursuant to rule 3.734 of the California Rules of Court, this action is hereby assigned for limited purposes to the departments indicated below:

| PURPOSE | DEPARTMENT | COURT LOCATION |
|---|---|---|
| LAW & MOTION | 53 | Hall of Justice |
| CASE MANAGEMENT PROGRAM | 25 | Gordon D. Schaber Superior Court |

Please refer to Chapter Two – Parts 3 and 4 of the Sacramento Superior Court Local Rules and the Court's website for additional filing instructions and information about hearing reservations, tentative rulings, and requesting oral argument.

### NOTICE OF CASE MANAGEMENT CONFERENCE

**Hearing Date**

The above entitled action has been set for a case management conference at **8:30 AM** on **June 26, 2026** in **Department 25** in accordance with California Rules of Court 3.722. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Tentative Ruling / Confirming Appearance at the Hearing**
The Court will issue a tentative ruling not later than 2:00 p.m. of the court day before the hearing date which may be viewed by logging into the court's online public portal and accessing your case.

Unless an appearance is ordered in the court's tentative ruling, parties do not need to appear at the hearing. A party requesting appearance to contest a tentative ruling must advise the department clerk and the opposing party no later than 4:00 p.m. on the court day before the hearing.

NOTICE OF CASE ASSIGNMENT
AND CASE MANAGEMENT CONFERENCE
(UNLIMITED CIVIL CASE)

| SHORT TITLE: STARK, et al. vs BEMIS MANUFACTURING COMPANY, et al. | CASE NUMBER: 25CV012156 |
|---|---|

| Remote Appearances | Unless ordered to appear in person by the court, parties may appear remotely either telephonically or by video conference via the Zoom video/audio conference platform with notice to the court and all other parties in accordance with Code of Civil Procedure 367.75. If appearing remotely, parties are required to participate in their hearing using a device that has video and/or audio capability (i.e. computer, smartphone, or tablet). Although remote participation is not required, the court will presume all parties are appearing remotely for non-evidentiary civil hearings. |
|---|---|
| Minimum Requirements | Prior to the filing of the case management statement, the parties should have done the following:<br><br>• Served all parties named in the complaint within 60 days after the summons has been issued<br>• Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered |
| Certification Filed in Lieu of Case Management Statement | If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement. |
| Case Management Orders | At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date. |
| Compliance | Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money). |
| Continuances | Case management conference(s) will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference. |

Dated: 05/21/2025

By: /s/ C. Raybould

/s/ C. Raybould, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**
**AND CASE MANAGEMENT CONFERENCE**
**(UNLIMITED CIVIL CASE)**